EDITH ANNIE BASHAW, ADMINISTRATRIX, ETC., v. FRED
    EICHENBERGER AND BERTHA GARRETT, EXECU-
    TRIX OF THE ESTATE OF EDWARD W. GARRETT, DE-
    CEASED.

#### Decided November 21, 1923.

**Negligence—Motor Vehicle Collision—Question of Agency or
Employment of Driver of Motor Vehicle—Question of Ex-
cessive Damages.**

On rule to show cause from Passaic Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN
and BLACK.

For the rule, *Heine, Bradner & Laird* and *M. Casewell
Heine.*

*Contra, Weinberger & Weinberger* and *Harry H. Weinber-
ger.*

PER CURIAM.

Plaintiff's intestate died from injuries sustained by him
in an accident, occasioned by the collision on the afternoon
of October 15th, 1921, at the bisection of Lexington avenue,
running north and south, and Summer street, running east
and west, in the city of Passaic, between a bicycle driven by
decedent and a Buick sedan automobile owned by defendant
Garrett, in his lifetime (Garrett dying after the institution
of suit and before trial, and his executrix being substituted
in his place).

The question at issue was whether Eichenberger, the
driver, was Garrett's agent in driving the car. There was
proof that he was going upon an errand for Garrett to de-
liver a package to the latter's brother, and while thus engaged
collided with deceased, who was riding a bicycle, and thereby
inflicted injuries upon deceased from which he died. The

question of agency thus arising, and also the questions of negligence of defendant and the contributory negligence of deceased became issues of fact for the jury to determine. *Missell* v. *Hayes*, 86 *N. J. L.* 348.

A case not unlike the case at bar in principle and in essential particulars is that of *Mahan* v. *Walker*, 96 *N. J. L.* 78; affirmed in the Court of Errors and Appeals in 117 *Atl. Rep.* 609.

Upon the question of damages while the verdict is high, we are unable to say as to a matter of law that it is excessive. The deceased was young, with a wife about his own age, and two young children. He held a responsible and remunerative position in a large local industry, earning from $40 to $50 a week, and was industrious and economical. We cannot in the circumstances say that the prospects of his life were overrated in the verdict.

The rule will be discharged.